UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STPEHANIE LEPSCH, Individually and on behalf of all others similarly situated,<br>Plaintiffs<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Stephanie Lepsch ("Plaintiff"), by her attorneys, alleges the following on behalf of herself and all others similarly situated ("the Class"). Named as Defendant is PennyMac Loan Services, LLC ("PennyMac" or "Defendant").

### PARTIES

1. Plaintiff, Stephanie Lepsch, is a resident of Hampden County, Massachusetts.

2. Defendant, PennyMac, LLC has a principal office located at 3043 Townsgate Road, Suite 220, Westlake Village, CA 91361.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (b), 15 U.S.C. § 1692, 15 U.S.C. §1639, and 12 U.S.C. 2605.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) since the Plaintiff resides in this district and Defendant regularly conducts business in this district.

### FACTUAL BACKGROUND

5. On or about October 31, 2019, Plaintiff obtained a loan for personal, family, or household purposes and was relating to a primary residence located in Hampden County, Massachusetts.

6. The loan was secured by a residential mortgage on Plaintiff's primary residence.

7. On October 31, 2019, the mortgage was recorded in the Hampden County Registry of Deeds in Book 22929, Page 486. *See* **Exhibit A**.

8. At all relevant times, including times after October 31, 2019, Defendant was a lender, mortgagee, note holder, debt collector and/or third-party loan servicer of the loan and/or mortgage.

## OBLIGATION TO FURNISH A LOAN PAYOFF STATEMENT

9. Massachusetts law and federal law impose statutory obligations on lenders, mortgagees, note holders, debt collectors, and third-party loan servicers to issue loan payoff statements on all Massachusetts mortgage loans—commercial and residential. *See* Mass. G.L. c.183, §54D; 12 C.F.R. § 1026.36.

### Request for Loan Payoff

10. The obligor on a note (Plaintiff) or an authorized person – a person acting for the obligor under a written document (*e.g.*, obligor's representative, such as an attorney, non-profit consumer counseling organization, or creditor with which the consumer is refinancing and which requires the payoff statement) – may by written request ask a lender, mortgagee, note holder, debt collector, and/or third-party loan servicer who is receiving payments under a mortgage note to provide a written payoff statement "sufficient to enable the mortgagor or the authorized person to conclusively make full payment of the outstanding indebtedness under the mortgage . . . as of a certain payment date which shall be specified in the request and which shall be no more than 30 days from the date of request." *See* Mass. Gen. Laws ch. 183, § 54D(a).

11. Regulation Z states that a lender, mortgagee, note holder, debt collector, or third-party loan servicer "must provide an accurate statement of the total outstanding balances that would be required to pay the consumer's obligation in full as of a specified date." *See* 12 C.F.R. § 1026.36(c)(3).

12. On or about December 3, 2020, Connor & Morneau, LLP was acting for Plaintiff under a written document as an authorized person for Plaintiff. *See* Payoff Request Letter attached hereto as **Exhibit B**.

13. Connor & Morneau, LLP made a written request for Plaintiff asking Defendant to provide a written payoff statement for January 1, 2021. *See* **Exhibit B**.

14. The written request asked Defendant to specify an amount certain as of January 1, 2021 which will pay off any and all indebtedness secured by the mortgage. *See* **Exhibit B**.

15. Upon information and belief, Class members (or their authorized representatives) made written requests asking Defendant to provide a written payoff statements for dates certain.

**Issuance of Loan Payoff**

16. Under Massachusetts law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer must provide a payoff statement in written form to the requesting party within five business days of receipt of the payoff request. *See* Mass. Gen. Laws ch. 183, § 54D(a)].

17. Under Federal law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer who owns the loan or servicing rights must provide an accurate payoff statement in written form to the requesting party within seven business days of receipt of the payoff request. *See* 12 C.F.R. § 1026.36(c)(3).

18. The payoff statement must be accurate when issued. *See* Mass. Gen. Laws ch. 183, § 54D(a); 12 C.F.R. § 1026.36(c)(3).

19. If the requesting party provides the lender, mortgagee, note holder, debt collector, or third-party loan servicer with only a mailing address, then the lender, mortgagee, note holder, debt collector, or third-party loan servicer must mail and postmark the payoff statement to the requesting party within five business days. *See* Mass. Gen. Laws ch. 183, § 54D(b).

20. If the requesting party provides the lender, mortgagee, note holder, debt collector, or third-party loan servicer with a fax number or e-mail address, then the lender, mortgagee, note holder, debt collector, or third-party loan servicer must "ensure receipt by the requesting party" within the five business day period. *See* Mass. Gen. Laws ch. 183, § 54D(b).

21. A lender, mortgagee, note holder, debt collector, or third-party loan servicer can send the payoff statement by facsimile or e-mail, rather than regular mail, if the requesting party has furnished a fax number or e-mail address. *See* Mass. Gen. Laws ch. 183, § 54D(b).

22. A lender, mortgagee, note holder, debt collector, or third-party loan servicer who fails without reasonable cause to provide a timely payoff statement shall be liable for the greater of $500 or the mortgagor's actual damages caused by the failure, plus reasonable attorney's fees and costs. *See* Mass. Gen. Laws ch. 183, § 54D(e).

23. On or about December 3, 2020, Defendant provided Payoff Statements in written form to Connor & Morneau, LLP and/or Plaintiff by facsimile and/or email. *See* Payoff Statement attached hereto as **Exhibit C**.

24. Upon information and belief, Defendant provided payoff statements in written form to Class members (or their authorized representatives) by facsimile and/or email.

**Contents / Accuracy of Payoff Statement**

25. Under Massachusetts law, the payoff statement must specify (1) an amount certain as of the payoff date that will pay off all indebtedness secured by the mortgage (or a lesser amount sufficient to obtain a partial release) and (2) a per diem amount or formula to cover payoffs made after the specified payoff date. *See* Mass. Gen. Laws ch. 183, § 54D(c).

3

26. Under Federal law, the payoff statement must specify (a) the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. *See* 12 C.F.R. § 1026.36(c)(3).

27. A payoff statement may condition the payoff amount or any additional payoff amount due beyond the specified payoff date on an escrow or other disbursements that the lender, mortgagee, note holder, debt collector, or third-party loan servicer may be permitted or required under the mortgage to make between the payoff date specified in the request and 30 days thereafter provided that the payoff statement specifies the nature, amount and anticipated payment date for those disbursements, if known or reasonably ascertainable by the lender, mortgagee, note holder, debt collector, or third-party loan servicer providing the payoff statement. *See* Mass. Gen. Laws ch. 183, § 54D(c).

28. The December 3, 2020 Payoff Statement was good through December 30, 2020. *See* **Exhibit C**.

29. The payoff statement indicated that the total payoff amount was $170,450.48, which consisted of the following: (a) Principal Balance of $170,458.71; (b) Interest of $971.19; (c) Pro Rata MIP of $117.57; (d) Recording Fees of $105.00; (d) Release Costs of $22.50; and € Funds in Suspense ($1,224,49). The payoff statement also indicated that funds received on or after December 4, 2020 will require an additional $16.35 interest per day. *See* **Exhibit C**.

30. The Payoff Statement also indicated that funds received on or after December 4, 2020 will require an additional $16.35 interest per day. *See* **Exhibit C**.

31. The Payoff Statement did not comply with Massachusetts law or Federal law because, among other things, the Payoff Statement: (a) did not indicate an accurate amount certain as of the payoff date requested because (i) the payoff statement was not for the date requested by Plaintiff, and (ii) included amounts in excess of the actual amount needed to pay off all indebtedness secured by the mortgage because the payoff statement included Release Costs of $22.50 even though Release Costs were not disclosed to Plaintiff in any loan documentation and are not permitted by any Applicable Law in order to obtain a Payoff, Mortgage Discharge, Release or Partial Release in Massachusetts.

32. Upon information and belief, Defendant provided payoff statements to Class members (or their authorized representatives) that did not comply with Massachusetts law and/or Federal law.

**Fees For Payoff Statement**

33. Under Massachusetts law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer cannot charge a fee for the first payoff statement requested within each six-month period. *See* Mass. Gen. Laws ch. 183, § 54D(f).

34. For each additional request for a payoff statement made during such six–month period, the lender, mortgagee, note holder, debt collector, or third-party loan servicer providing the payoff statement may include therein a reasonable charge. Mass. Gen. Laws ch. 183, § 54D(f).

35. Under Federal law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer a may charge a processing fee to cover the cost of providing the payoff statement by fax or courier only. *See* 12 C.F.R. § 1026.34(a)(9).

36. Under Federal law, if a lender, mortgagee, note holder, debt collector, or third-party loan servicer charges a fee for providing a payoff statement by fax or courier, then the lender, mortgagee, note holder, debt collector, or third-party loan servicer must disclose the fee prior to charging the consumer. *See* 12 C.F.R. § 1026.34(a)(9).

37. Under Federal law, if a lender, mortgagee, note holder, debt collector, or third-party loan servicer charges a fee for providing a payoff statement by fax or courier, then the lender, mortgagee, note holder, debt collector, or third-party loan servicer must disclose to the consumer that other methods for providing the payoff statement are available at no cost. *See* 12 C.F.R. § 1026.34(a)(9).

38. Under Federal law, a lender, mortgagee, note holder, debt collector, or third-party loan servicer is permitted to charge a consumer a reasonable fee for additional payoff statements during a calendar year in which four payoff statements have already been provided without charge other than permitted processing fees. *See* 12 C.F.R. § 1026.34(a)(9).

**The Notice of Error and Response**

39. A servicer of a federally related mortgage shall not fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties. *See* 12 U.S.C. § 2605(k)(1)(C).

40. The term "error" refers to the following categories of covered errors:

   a. <u>Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower.</u>
   b. <u>Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR § 1026.36(c)(3).</u>
   c. <u>Any other error relating to the servicing of a borrower's mortgage loan.</u>

41. Federal law requires a servicer to comply with 12 C.F.R. § 1024.35 when it receives a written notice form the borrower asserting an error relating to 12 U.S.C. § 2605(k)(1)(C) and the written notice includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred. *See* 12 C.F.R. § 1024.35(a).

5

42. Federal law requires that withing five days (excluding legal public holidays, Saturdays, and Sundays) of a lender, mortgagee, note holder, debt collector, or third-party loan servicer receiving a notice of error from a borrower, the lender, mortgagee, note holder, debt collector, or third-party loan servicer shall provide to the borrower a written response acknowledging receipt of the notice of error. *See* 12 C.F.R. § 1024.35(d).

43. Federal law requires a lender, mortgagee, note holder, debt collector, or third-party loan servicer to respond within seven business days after receiving a notice error disputing the accuracy of a payoff statement. *See* 12 C.F.R. § 1024.35(e)(3)(a).

44. On or about January 14, 2021, Plaintiff sent a 93A demand letter and written notice of error to Defendant containing a notice of the payoff error disputing the accuracy of the Payoff Statement. *See* **Exhibit D**.

45. On or about January 18, 2021, the 93A demand letter and written notice of error was served on Defendant's registered agent. *See* **Exhibit D**.

46. Defendant was required to acknowledge receipt of the written notice of error within five days (January 25, 2021). *See* 12 C.F.R. § 1024.35(d).

47. Defendant did not acknowledge receipt of the written notice of error until more than five days later.

48. Defendant was required to respond to the written notice of error within seven business days (January 27, 2021). *See* 12 C.F.R. § 1024.35(d).

49. Defendant did not respond to the written notice of error until more than seven business days later.

## UNFAIR AND DECEPTIVE ACTS OF PRACTICES

50. The unfair and deceptive acts or practices engaged in by Defendant as lender, mortgagee, note holder, debt collector, or third-party loan servicer are described above and below and include, but are not limited to, the following:

   a. **As a debt collector**: using false, deceptive, or misleading representation or means in connection with the collection of a debt by: (a) falsely representing the character, amount, or legal status of any debt (209 CMR 18.16) (15 U.S.C. § 1692e); and (b) falsely representing the services rendered or compensation which may be lawfully received (209 CMR 18.16) (15 U.S.C. § 1692e).

   b. **As a debt collector**: using unfair or unconscionable means to collect or attempt to collect a debt by collecting amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by an agreement creating the debt or permitted by law (209 CMR 18.17) (15 U.S.C. 1692f).

6

    c. **As a third-party loan servicer**: using unfair or unconscionable means in servicing a loan by: (a) charging excessive or unreasonable fees to provide loan information; and (b) misrepresenting material information in connection with the servicing of the loan, including, but not limited to, misrepresenting the amount, nature or terms of any fee or payment due or claimed to be due on a loan, the terms and conditions of the servicing contract or the borrower's obligations under the loan (209 CMR 18.21).

    d. **As a third-party loan servicer**: using unfair or unconscionable means in servicing a mortgage loan by failing to comply with the provisions of M.G.L. c. 183, § 54D and Regulation Z regarding providing loan payoff information to a consumer (209 CMR 18.21A) (12 C.F.R. § 1026.36(c)(3)).

51. As a result of Defendant's violations of Massachusetts laws and Federal laws, Defendant's unfair and deceptive acts and practices, and Defendant's willful and intentional conduct, Plaintiff and the Class incurred damages.

## CLASS ACTION ALLEGATIONS

52. The class allegations are brought pursuant to Rule 23 of the Rules of Civil Procedure.

53. The Class includes the following:

    a. **Release Costs Class**: All customers of Defendant who were charged and paid a Release Costs relating to a Payoff, Mortgage Discharge, Release or Partial Release in Massachusetts.

    b. **Accurate Payoff Statement Class**: All customers of Defendant who requested a written payoff statement from Defendant and did not receive and accurate payoff balance or statement.

54. Plaintiff reserves the right to modify the class definitions before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery or other factors reveal that modifying the class definitions and/or seeking additional subclasses would be appropriate.

55. Plaintiff brings this action on her own behalf and on behalf of a Class of all others similarly situated. The Relevant Period is limited to the applicable statute of limitations for claims at issue and runs until the date of entry of final judgment in this action.

56. **Numerosity**: The Class is composed of at least one hundred (100) people, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action will benefit the parties and the Court. Defendant has at least one hundred (100) customers in Massachusetts who meet each of the class definitions above, and thus the Class is sufficiently numerous to make joinder impracticable, if not completely impossible.

57. **Commonality**: There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any questions of law or fact which may affect only individual Class Members. Such common questions include but are not limited to the following:

   a. Whether Defendant is a lender, mortgagee, note holder, debt collector, or third-party loan servicer;
   b. Whether Defendant charged Plaintiff and the Class Release Costs relating to a Payoff, Mortgage Discharge, Release or Partial Release in Massachusetts;
   c. Whether Defendant provided Plaintiff and the Class with an accurate payoff statement;
   d. Whether Defendant breached similar or identical contacts with Plaintiff and Class Members;
   e. Whether Defendant violated state law of unjust enrichment;
   f. Whether, by reason of Defendant's violations of Massachusetts law, Plaintiff and Class Members are entitled to damages;
   g. Whether, by reason of Defendant's violations of Federal law, Plaintiff and Class Members are entitled to damages;
   h. The nature and extent of damages and other remedies that Plaintiff and Class Members are entitled to under the Massachusetts law; and
   i. The nature and extent of damages and other remedies that Plaintiff and Class Members are entitled to under Federal law.

58. **Typicality**: Plaintiff asserts claims that are typical of the claims of the entire Class because Plaintiff and Class Members were similarly situated, Plaintiff and Class Members were similarly injured, and Defendant had common policies, practices, and procedures. Further, there are no defenses available to Defendant this are unique to Plaintiff.

59. **Adequacy**: Plaintiff and his attorneys will fairly and adequately represent and protect the interest of the Class. Plaintiff has no interests antagonistic of those of the Class. Plaintiff has retained counsel who are competent and experienced in class action litigation.

60. **Predominance**: Defendant have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.

61. Plaintiff and the Class have suffered injury and damages as a result of Defendant's wrongful conduct as alleged herein. Absent a class action, the Class will continue to suffer injury, thereby allowing these alleged violations of law to proceed without remedy, and allowing Defendant to retain the proceeds of its ill-gotten gains.

62. **Superiority**: Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

63. Plaintiff reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

64. Plaintiff and the Class had contracts with Defendant.

65. Plaintiff and the Class performed according to such contract.

66. Defendant failed to perform according to such contracts by, among other things, the conduct alleged above.

67. Plaintiff and the Class have suffered injury, been damaged, and lost money.

68. Plaintiff and the Class sustained and are entitled to damages.

69. As a proximate and foreseeable consequence of Defendant's violations, Plaintiff and the Class sustained damages.

### COUNT II
### UNJUST ENRICHMENT

70. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

71. Defendant's practices resulted in Plaintiff and the Class not receiving more money and in Defendant receiving more money during the Relevant Period.

72. The monies paid by Plaintiff and the Class to Defendant conferred substantial benefits upon Defendant.

73. All monies paid to Defendant that should not have been paid by Plaintiff and the Class constitute a benefit that the Defendant sought and voluntarily accepted.

74. Defendant knew of the benefits conferred upon it by Plaintiff and the Class.

75. Defendant appreciated the benefits conferred upon it by Plaintiff and the Class.

76. Defendant accepted the benefits conferred upon it by Plaintiff and the Class.

77. Defendant retained the benefits conferred upon it by Plaintiff and the Class.

78. Defendant's acceptance and/or retention of such benefits under the foregoing circumstances is inequitable.

79. Defendant was unjustly enriched.

80. Plaintiff and the Class sustained damages.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. 1692(e) and 1692(f))

81. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

82. Plaintiff and the Class are consumers.

83. Plaintiff and the Class were obligated and/or allegedly obligated to pay a consumer debt.

84. Defendant is a consumer debt collector.

85. Defendant collected and/or attempted to collect a consumer debt from Plaintiff and the Class.

86. Defendant engaged in an act or omission prohibited by the FDCPA

87. As a proximate and foreseeable consequence of Defendant's violations of the FDCPA, Plaintiff and the Class sustained damages.

## COUNT IV
## TRUTH IN LENDING ACT
## (15 U.S.C. 1639(k)(1)(C))

88. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

89. Plaintiff and the Class, or a person acting on their behalf, requested the total outstanding balance that was required to pay Plaintiff and the Class' obligations in full as of a specified date.

90. Defendant failed to provide an accurate payoff statement of the total outstanding balance that was required to pay Plaintiff and the Class' obligation in full as of a specified date. 12 C.F.R. § 1026.36(c)(3).

91. Defendant failed to send a payoff statement within a reasonable time after Defendant received the written request from Plaintiff and the Class or a person acting on behalf of Plaintiff and the Class. 12 C.F.R. § 1026.36(c)(3).

92. Defendant failed to send an accurate payoff statement to Plaintiff and the Class in accordance with 15 U.S.C. § 1639 and 12 C.F.R. § 1026.36(c)(3).

93. As a proximate and foreseeable consequence of Defendant's violations of the TILA, Plaintiff and the Class sustained damages.

## COUNT V
## REAL ESTATE SETTLEMENT PROCEDURES ACT
## (12 U.S.C. 2605(k)(1)(C))

94. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

95. Plaintiff and the Class, or a person acting on their behalf, provided Defendant with a written notice of an error relating to the payoff balance and payoff statement. See 12 C.F.R. § 1024.35.

96. Defendant to take timely action to respond to the notice of error. See 12 U.S.C. § 2605(k)(1)(C).

97. As a proximate and foreseeable consequence of Defendant's violations of the RESPA, Plaintiff and the Class sustained damages.

## **CLAIMS FOR RELIEF**

Wherefore, Plaintiff and the Class respectfully request that the Court:

A. Certify this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and designate Plaintiff as the representative of the Class and Plaintiff's Counsel as Class Counsel.

B. Determine the damages sustained by Plaintiff and the Class as a result of Defendant's violations of law, and award any actual damages proved, and direct that Defendant disgorge all unjust enrichment which Defendant received during the Relevant Period.

C. Determine the damages sustained by Plaintiff as a result of Defendant's FDCPA violations, and award Plaintiff:

   a. actual damages; and
   b. additional damages as the court may allow up to $1,000. *See* 15 U.S.C. § 1692k(a)(1); 15 U.S.C. § 1692k(a)(2)(A).

D. Determine the damages sustained by the Class as a result of Defendant's FDCPA violations, and award the Class:

   a. damages as the court may allow up to $1,000; and
   b. such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant. *See* 15 U.S.C. § 1692k(a)(2)(B)(i).

E. Determine the damages sustained by Plaintiff as a result of Defendant's TILA violations and award Plaintiff:

   a. actual damages;
   b. twice the amount of any finance charge in connection with the transaction;
   c. not less than $400 or more than $4,000; and
   d. the sum of all finance charges and fees paid by Plaintiff. *See* 15 U.S.C. § 1640(a)(4); *See* 15 U.S.C. § 1640(a)(2)(A)(i); 15 U.S.C. § 1640(a)(4).

F. Determine the damages sustained by the Class as a result of Defendant's TILA violations, and award the Class:

   a. the lesser of $1,000,000 or 1 per centum of the net worth of Defendant <u>for each failure to comply</u>; and
   b. the sum of all finance charges and fees paid by Plaintiff and the Class. *See See* 15 U.S.C. § 1640(a)(2)(B); 15 U.S.C. § 1640(a)(4).

G. Determine the damages sustained by Plaintiff as a result of Defendant's RESPA violations and award Plaintiff:

   a. actual damages; and
   b. additional damages as the court may allow, in the case of a pattern or practice of noncompliance with 12 USC § 2605, up to $2,000. *See* 12 U.S.C. § 2605(f)(1)(A); 12 U.S.C. § 2605(f)(1)(B).

H. Determine the damages sustained by the Class as a result of Defendant's RESPA violations, and award the Class:

    a. actual damages of each borrower; and
    b. additional damages as the court may allow, in the case of a pattern or practice of noncompliance with 12 USC § 2605, up to $2,000; or
    c. $1,000,000; or
    d. 1 per centum of the net worth of Defendant. *See* 12 U.S.C. § 2605(f)(2)(A); 12 U.S.C. § 2605(f)(2)(B); 12 U.S.C. § 2605(f)(2)(B)(i); 12 U.S.C. § 2605(f)(2)(B)(ii).

I. Award Plaintiff and the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, expenses and costs.

J. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law.

K. Enter appropriate declaratory relief in favor of Plaintiff and the Class pursuant to Massachusetts General Laws, chapter 231A.

L. Grant Plaintiff and the Class a preliminary and permanent injunction.

M. Grant Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

Dated: February 1, 2021                    Plaintiff
                                          By His Attorneys,

/s/ Jeffrey S. Morneau
Jeffrey S. Morneau, Esquire (BBO #643668)
Chelsea Choi, Esquire (BBO # 697440)
CONNOR & MORNEAU, LLP
273 State Street, 2nd Floor
Springfield, Massachusetts 01103
Tel:   (413) 455-1730
Fax:   (413) 455-1594
jmorneau@cmolawyers.com
cchoi@cmolawyers.com